IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL CASE NO. 6:04-cr-81-1 |
| | § | |
| MONTZ DESHAZER CARY | § | |

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

On June 19, 2008, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Montz Deshazer Cary. Defendant stated he understood that he was under oath, understood that he had a right to proceed before a United States District Judge and waived that right, understood the proceeding before him, consulted with his attorney, was satisfied with his attorney, and was competent and ready to plead true. The government was represented by Richard Lee Moore, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Attorney Wayne Dickey of the Office of the Federal Public Defender, Eastern District of Texas.

Defendant was sentenced on September 20, 2004, before The Honorable William M. Steger of the Eastern District of Texas after pleading guilty to the offense of Possession of Counterfeit Obligations of the United States, a Class C felony. This offense carried a statutory maximum imprisonment term of twenty (20) years. The guideline imprisonment range, based on a total offense level of 7 and a criminal history category of IV, was 8 to 14 months. Defendant was subsequently sentenced to 8 months imprisonment to be followed by a three (3) year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, and drug testing and treatment. On March 2, 2007, Defendant completed his

period of imprisonment and began service of the supervision term. On October 22, 2007, this case was reassigned to U.S. District Judge Michael H. Schneider.

Under the terms of supervised release, Defendant was subject to the following conditions alleged to have been violated:

1. The defendant shall not illegally possess a controlled substance.

2. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation, and at least two periodic drug tests thereafter, as directed by the probation officer.

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4. The defendant shall pay a special assessment of $100.

5. The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Officer, until such times as the defendant is released from the program by the probation officer.

In its petition, the government alleges that Defendant violated the above conditions in the following ways:

1. On July 16, 2007; August 22, 2007; and September 6, 2007; Defendant provided urine specimens that tested positive for cocaine.

2. On July 16, 2007; August 22, 2007; September 6, 2007; and October 5, 2007; Defendant provided urine specimens that tested positive for marijuana.

3. On September 24, 2007, Defendant failed to report and provide a DNA sample as instructed by letter.

4. Defendant's special assessment balance is $100.

5. Defendant failed to attend a scheduled drug treatment counseling session on July 7, 2007; July 21, 2007; July 31, 2007; and September 20, 2007. The offender failed to provide a urine specimen as instructed by the random drug testing program on July 31, 2007; August 16, 2007; August 30, 2007; September 11, 2007; September 20, 2007; October 2, 2007; October 11, 2007; and October 15, 2007.

At the hearing, the parties indicated they had come to an agreement whereby Defendant would plead true to all the above alleged violations of his conditions of supervised release. In exchange, the Government agreed to recommend that Defendant serve 12 months and 1 day in prison with no supervised release to follow.

If the Court finds by a preponderance of the evidence that Defendant committed these violations, a statutory sentence of no more than two (2) years of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). Based on 5th Circuit case law, the Court can find that illicit drug use constitutes possession. Section 7B1.1(b) of the Sentencing Guidelines indicates that where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade. Pursuant to Section 7B1.1(a)(2) of the Sentencing Guidelines, violating a condition of supervision by possessing cocaine, the most serious offense alleged, is considered a Grade B violation. Upon a finding of a Grade B violation, the Court shall revoke a term of supervision pursuant to Section 7B1.3(a)(1). Pursuant to Section 7B1.4(a), the applicable revocation imprisonment range based on a Grade B violation and a criminal history category of IV, is 12 to 18 months.

Pursuant to the Sentencing Reform Act of 1984, the Court accepts Defendant's plea of true to the above allegations and hereby **RECOMMENDS** that Defendant Montz Deshazer Cary's term of supervised release be revoked, and that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months, and one (1) day, with no additional term of supervised release to follow.  The Court further **RECOMMENDS** that if eligible, Defendant be enrolled in the Bureau of Prison's drug treatment program and be incarcerated at the Federal Correctional Institution of Texarkana, Texas.

The parties have waived their right to object to the findings of Magistrate Judge John D. Love in this matter so the Court will present this Report and Recommendation to District Judge Michael H. Schneider for adoption immediately upon issuance.

**So ORDERED and SIGNED this 19th day of June, 2008.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE